STREUDLE *v.* LEROY.

Opinion delivered January 31, 1916.

1. COUNTER CLAIM—FAILURE TO REPLY—WAIVER.—Appellant will be held to have waived his objections to appellee's failure to answer his counter claim, when he took testimony and proceeded to trial, as if the issues had been made up by the pleadings.

2. DAMAGES—BREACH OF CONTRACT—PROSPECTIVE PROFITS.—Where one party to a contract is prevented from performing the same by the fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made, had the other party carried out his contract.

Appeal from Crittenden Chancery Court; *Chas D. Frierson,* Chancellor; affirmed.

*Wright, Miles, Waring & Walker,* of Tennessee, for appellants.

1. The chancellor erred in overruling the defendants' motion for decree *pro confesso.* Decree in favor of defendants should be entered here on the pleadings. No reply was filed to the answer and counter-claim as required by section 6115, Kirby's Digest. A counter-claim is defined by Kirby's Dig., § 6099. The action of the chancellor is clearly violative of section 6192 *Id.;* 25 Ark. 20; 25 *Id.* 105; *Ib.* 86.

2. The court erred in not rendering judgment for appellants on their motion on June 11, 1914, for failure of appellees to answer their counter-claim. 69 Ark. 114; 71 *Id.* 364. Where a party filing a counter-claim moves for judgment for want of an answer and that motion is overruled and no answer is filed thereafter such party will not be considered to have waived the failure to reply and upon appeal will be entitled to decree. 33 Ark. 107; 47 *Id.* 496; 74 *Id.* 104; 80 *Id.* 228; 119 Ark. 133; Kirby's Dig., § 6137; 56 Ark. 73; 73 *Id.* 344; 88 *Id.* 406; 80 *Id.* 65; 9 *Id.* 535; 22 *Id.* 533.

3. Any finding against appellants is clearly against the preponderance of the evidence. The burden was on appellees. All expenses of manufacturing, caring for and loading were to be borne by appellees. 19 Atl. 1008; 14 So. 672; 16 *Id.* 627; 132 U. S. 491.

*Brown & Anderson,* of Tennessee, for appellees, filed no brief.

HART, J. On November 25, 1913, appellants and appellees entered into a written contract whereby the former agreed to furnish the latter with a saw mill and the latter agreed to supply its own hoop machine and appliances at Proctor, Arkansas. Appellants agreed to furnish appellees logs and strips of timber necessary for the manufacture of hoops and appellees agreed to manufacture hoops for appellants at a stipulated price. The contract provided that the transactions and moneys paid out or received under the agreement should be under the personal control and custody of John Reichert, one of appellants for which appellees should pay $3 per day. It was also agreed that L. B. Leroy, one of the appellees, should receive out of the pay roll $5 per day for his services as manager of the mill when in operation. The contract provided that all of the operating expenses and repairs should be at the expense of appellees; and also provided the basis on which appellants and appellees should share the profits and bear the losses of the enterprise.

Other provisions were incorporated into the contract which the views we shall hereinafter express render it

unnecessary for us to incorporate in the statement of facts.

Appellees filed a bill against appellants in which they sought an accounting. They alleged that there were 182 working days in the period covered by the contract; that the mill had a capacity to manufacture 40,000 hoops per day; that appellants failed to furnish them with material sufficient to enable them to run at full capacity; and that appellants and appellees became partners in the enterprise by the terms of the contract.

The complaint was filed on the 20th day of April, 1914; on the 26th day of April, 1914, appellants filed what they termed an answer and cross-complaint. They denied that they became partners with appellees under the terms of the contract; denied that they failed to carry out the contract on their part; denied that the mill had a capacity of 40,000 hoops per day; alleged that they furnished to appellees the logs and strips of timber called for by the contract; alleged that appellees failed to comply with the terms of the contract on their part; alleged that in order to keep the business going they furnished to appellees large sums of money which they were not required to furnish under the contract, and, by way of counter-claim, asked judgment for the amount found to be due them.

Appellees did not file an answer to the counter-claim of appellants.

On June 11, 1914, appellants filed a motion in which they asked for judgment against appellees in the sum of $3,119.04 because of the failure of appellees to answer their counter-claim. On the 27th day of January, 1915, the court heard the case upon the pleadings and the depositions on the part of appellees. The court found that the cross-complaint or counter-claim of appellants should be dismissed for want of prosecution and rendered judgment in favor of appellees.

On January 30, 1915, appellants filed a motion to vacate the decree entered of record January 27, 1915, and stated the grounds therefor in their motion.

On February 6, 1915, the court took under considera-tion the motion to vacate the decree until April 1, 1915, and time was given each party within which to take proof.

On the 26th day of April, 1915, the court entered a decree opening the decree of January 27, 1915, and after hearing the motion of appellants for a decree in their favor filed June 11, 1914, overruled the same. The case was heard on the depositions taken by both parties and a decree was entered in favor of appellees for the sum of $1,201.85, being a smaller amount than was awarded them by the former decree. The case is here on appeal.

(1) It is first contended by counsel for appellants that the court erred in not rendering judgment in their favor when they moved for judgment on June 11, 1914, for failure of appellees to answer their counter-claim They rely upon the case of *Young* v. *Gaut,* 69 Ark. 114, to sustain their contention.

It will be remembered that the court opened the de-cree rendered on January 27, 1915, and gave the parties leave to take proof in the case. A great volume of testi-mony was taken and the state of accounts between the parties was thoroughly gone into. There could be no mis-take whatever as to the issues between the parties. The issues were thoroughly made up and both parties intro-duced testimony to support their claim. The motion for judgment for failure to answer their counter-claim was made by appellants in June, 1914. When the court opened the decree in 1915 and gave appellants leave to take testi-mony, they proceeded to take their testimony and the case went to trial as if the issues had been made up by the pleadings. Under these circumstances appellants will not be allowed any advantage from this defect in the plead-ings, but are deemed to have waived it by going to trial on the merits of the case. This holding, we think, is in ac-cord with the rule laid down in *Young* v. *Gaut, supra,* and other decisions of this court bearing on the question.

(2) This brings us to a consideration of the case on its merits. In the case of *Ford Hardwood Lumber Company* v. *Clement,* 97 Ark. 522, the court said that where plaintiff agreed to perform certain work for de-

fendant which he was prevented from doing by defendant's fault, he is entitled to recover the profits which the evidence makes it reasonably certain that he would have made had the defendant carried out his contract.

In the case of *Alf Bennett Lumber Company* v. *Walnut Lake Cypress Company,* 105 Ark. 421, the court held that where a party to a contract is prevented from performing same by fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made had the other party carried out his contract.

The court below was governed by these principles of law in its finding in favor of appellees.

The record contains about 675 pages of type-written matter. The whole state of accounts between the parties was gone into by the testimony of witnesses taken in the form of depositions and exhibits attached thereto. Nothing could be gained by a statement in detail of the evidence relating to these questions; nor would it serve any useful purpose to enter into a protracted discussion of them. We have carefully considered the evidence as disclosed by the record and are of the opinion that the finding of fact by the chancellor with reference to the state of accounts between the parties is not against the preponderance of the evidence. Therefore, under the settled rules of this court, the finding of the chancellor must be upheld and the decree will be affirmed.