## BLACK *v.* HOGSETT.

### Opinion delivered September 27, 1920.

1. DAMAGES—BREACH OF CONTRACT—PROFITS.—Where one party to to a contract is prevented from performing by the fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made had the other party carried out his contract.

2. DAMAGES—UNCERTAINTY OF PROFITS.—The rule that uncertain or contingent damages are not recoverable does not apply to uncertainty as to the value of benefits to be derived from performance, but to uncertainty as to whether any benefit would be derived at all.

3. REPLEVIN—LOSS OF PROFITS BY WRONGFUL TAKING.—Where the lessee of a soda fountain and other store fixtures, counterclaimed damages for their wrongful taking in replevin before termination of her lease, it was competent for her to introduce testimony to show the amount of profits which she failed to receive by reason of such wrongful taking.

4. EVIDENCE—DURATION OF COLD-DRINK SEASON.—Where defendant claimed damages for the wrongful taking by plaintiffs of a soda fountain and fixtures which defendant had leased during the cold-drink season, it was competent for her to testify as to when the cold-drink season ended.

5. REPLEVIN—WRONGFUL TAKING—EVIDENCE.—In replevin for a soda fountain and fixtures leased for a cold-drink season, where the lessee counterclaimed damages for a wrongful seizure, it was competent for defendant to testify that her profits for the remainder of the season would have continued in the same ratio as they had been for the previous two weeks.

6.  REPLEVIN—WRONGFUL SEIZURE—EVIDENCE.—In replevin for a soda fountain and fixtures evidence *held* to sustain a counterclaim for damages for their wrongful taking under the writ of replevin.

7.  EVIDENCE—SELF-SERVING DECLARATIONS.—In replevin to recover a soda fountain and other leased fixtures, letters by plaintiff lessor to one who assumed as agent to receive rentals from defendant, written after controversy between the parties had begun, were inadmissible as self-serving declarations.

8.  APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.—The exclusion of certain letters written by plaintiff from the evidence was not prejudicial where plaintiff was permitted to testify fully in regard to the transactions involved, where the letters could not have had any more probative value than his oral testimony given at the trial.

9.  PRINCIPAL AND AGENT—EVIDENCE OF AGENCY.—Testimony of one who assumed to act as agent that he was such agent was competent.

10. APPEAL AND ERROR—ASSIGNMENT OF ERROR.—An averment in a motion for new trial that the trial court erred in giving instructions to the jury, without identifying the instructions complained of, is too indefinite.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

STATEMENT OF FACTS.

This is an action in replevin by J. F. Black against R. H. Hogsett and Mrs. R. H. Hogsett to recover a soda fountain, two gas tanks, some show cases, and other articles mentioned in his complaint.

The defendants denied that the plaintiff was entitled to the possession of said property and by way of cross-complaint asked for damages for the wrongful taking of it by the plaintiff under his writ of replevin.

According to the testimony of the plaintiff, Black, he conducted a grocery and confectionery store at Chester, Arkansas, and in connection therewith operated a soda fountain. He sold his stock of goods to Mrs. Hogsett and rented to her the soda fountain and the store fixtures. It was agreed between them that in the event of a sale of the soda fountain and store fixtures, Mrs. Hogsett should have the option to purchase them. Subse-

quently the plaintiff had an opportunity to sell the fixtures at a stipulated price and notified Mrs. Hogsett, so that she might exercise her option to purchase. She declined to purchase the articles and Black sold them to another person. Mrs. Hogsett refused to surrender the possession of the property to the purchaser, and Black brought this suit to recover the possession of the same.

According to the testimony of Mrs. Hogsett, she purchased the confectionery store from Black during the first part of August, 1918, and conducted it until the 9th of August, 1919, at which time Black took possession of the property in controversy under his writ of replevin in this case. At the time Mrs. Hogsett purchased the confectionery store from Black it was agreed that the soda fountain and other store fixtures should be rented to her by him. Some months after this they made another verbal contract under which Black rented to her the property in controversy during the cold drink season of 1919. Pursuant to this contract in July, 1919, Mrs. Hogsett paid to Black's agent the rent on the property in controversy for two months or up to September 15, 1919. The cold drink season usually ended about the middle of September, but in 1919 it ran up to the first of October. The profits from the sale of the cold drinks by Mrs. Hogsett were greater than that derived from the sale of the groceries and confectioneries by her. Mrs. Hogsett testified that her average daily sales were about fifty or sixty dollars for the two weeks previous to the time the property was taken under the plaintiff's writ of replevin, and that her sales would have continued this large, on through the season.

In rebuttal, evidence was introduced by the plaintiff tending to show that Osborn, who received the rent from Mrs. Hogsett from July 15, 1919, to September 15, 1919, was not authorized to receive it, and that when Osborn transmitted the same to him he declined to accept it. After this time Mrs. Hogsett never offered to pay him any further rent.

The plaintiff also introduced evidence tending to show that Mrs. Hogsett did not make the profits testified to by her.

Other evidence will be stated or referred to under appropriate headings in the opinion.

The jury returned a verdict for the defendants, and from the judgment rendered the plaintiff has appealed.

*Sam R. Chew,* for appellant.

Defendants were not entitled to recover at all, but if they were, the evidence is not sufficient to support the verdict on the cross-complaint. The evidence is vague, indefinite, uncertain and speculative. The only damages recoverable for the breach, if any, are only those incidental to and directly caused by the breach and may reasonably be presumed to have entered the contemplation of the parties and not *speculative profits* or *consequential* losses. 53 Ark. 434. There is no proof to show with certainty what appellee's sales would have been from August 8 to September 15, 1919, nor the character of goods they would have sold or the profit that could have been made, and the verdict is wholly without legal evidence to sustain it; it was the result of mere speculation. The court failed to instruct the jury as to the measure of damages and the court's instruction on its own motion was prejudicial and reversible error. The evidence of Mrs. Hogsett as to how long the sales and profits would have continued were mere guess work and inadmissible and there was no legal proof to support the verdict.

*E. L. Matlock,* for appellees.

The jury heard all the evidence and found for appellees on the question of damages under proper instructions of the court and the verdict should be sustained, as there was no error of law and the verdict is conclusive.

HART, J. (after stating the facts). It is insisted by counsel for the plaintiff that the defendants are not entitled to recover at all; and that, if they are entitled to

recover, the evidence is not sufficient to support the verdict. We can not agree with counsel in this contention.

The principle touching the question of profits as an element of damages is well settled. The rule is that where one party to a contract is prevented from performing the same by the fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made, had the other party carried out his contract. The rule that damages which are uncertain or contingent can not be recovered, does not apply to uncertainty as to the value of the benefits to be derived from performance, but to uncertainty as to whether any benefit would be derived at all. If it is reasonably certain that profits would have resulted had the contract been carried out, then the complaining party is entitled to recover. *Streudle* v. *LeRoy,* 122 Ark. 189, and *Harmon* v. *Frye,* 103 Ark. 584.

It is shown by the record that the plaintiff owned and operated a confectionery store and cold drink stand in a small town in Crawford County, Arkansas. He sold his business to Mrs. Hogsett and rented to her his soda fountain and the other store fixtures. Mrs. Hogsett continued to operate the business at the same stand. In such a case it is evident that the earnings and profits which she expected to make were the very objects and inducements to the contract. In the present case it was competent for her to introduce testimony to show the amount of profits which she failed to receive by reason of the plaintiff taking away from her the soda fountain and other fixtures during the cold drink season of 1919.

The testimony of the parties to the suit is in direct conflict as to what the contract between them really was, but the jury has settled that conflict in favor of the defendants.

According to the testimony of the plaintiff, the contract of rental was at an end when Mrs. Hogsett declined to carry out her option to purchase the soda fountain and other fixtures. According to her testimony, her contract

of rental ran during the cold drink season of 1919. The contract was a verbal one, and it was competent for Mrs. Hogsett to testify when the cold drink season ended. She stated that it usually ended about the middle of September, and that she had paid in advance her rent up to that time on the 15th of July, 1919. She further stated, however, that in 1919 the cold drink season did not close until about the first of October.

It is insisted by counsel for the plaintiff that, even if Mrs. Hogsett is entitled to recover, the evidence is not legally sufficient to support the verdict. The verdict in her favor was for $100. The soda fountain and other fixtures were taken from her under the plaintiff's writ of replevin on the 9th day of August, 1919. Mrs. Hogsett testified that for the two weeks previous to this her daily sales averaged $50 or $60, and that the greater part of this was the profits resulting to her from the sales of cold drinks. It is true that her testimony is considerably weakened on cross-examination, when it was shown that a greater part of the profits for those two weeks resulted from a picnic business for the first two days in August. However, it can not be said that her testimony has been entirely overcome in this respect. She had conducted the business during the months of August and September in 1918, and stated that she remembered in a general way what the profits during that time were. She stated what those profits were, and the jury were the judges of the credibility of her testimony. She stated that the profits would continue to run as they had been for the past two weeks during the remainder of the season. In so testifying, she may have had in mind what her sales were during the previous season, and while she was not able to state them in detail, she might have had a sufficient recollection of them to testify as to what her probable profits for the balance of the season might be. As we have just seen, she had conducted the business throughout the season of 1918 and again during the season of 1919, up to the time the property in controversy was taken from her, which closed her business. Her

business was a going concern, and under the circumstances it was competent for her to testify that her profits for the balance of the season, after she had been closed out, would have continued in the same ratio as they had been for the previous two weeks. The admission of this testimony was competent under the ruling in the case of *Harmon* v. *Frye,* 103 Ark. 584. In that case the court held that the damages assessed by the jury were not speculative as resting upon the individual opinion of the parties to the suit. There a moving picture show had been in operation for eight days prior to the time it was closed out by the wrongful act of the defendant. The court upheld the verdict based upon the fact of the daily receipts and expenditures for those eight days. Hence the evidence in this case, if believed by the jury, was legally sufficient to warrant the verdict.

Again, it is contended by counsel for the plaintiff that the judgment should be reversed because the court refused to allow him to introduce in evidence two letters written by him to the witness, Osborn, in which he declined to receive the rent for the fixtures from July 15 to September 15, 1919, and in which he denied that Osborn was authorized to collect the rent for the fixtures. There was no error in refusing to receive these letters. In the first place, they were written after the controversy between the plaintiff and Mrs. Hogsett as to the terms of the rent contract about the fixtures had commenced. Consequently, they were self-serving declarations. In the next place, the exclusion of the testimony could not have prejudiced the rights of the plaintiff, for he was permitted to testify fully in regard to all the transactions between Mrs. Hogsett and himself, and his letters could have had no more probative force than his oral testimony given at the trial.

The plaintiff testified that Osborn was not his agent to collect the rent on the fixtures, but Osborn testified with equal positiveness that he was such agent, and as such was authorized to collect the rent. Osborn's testimony was competent to establish the fact of his agency,

for it was a matter of which he had personal knowledge, and the fact of whether or not he was such agent depended upon the truth or falsity of his testimony.

Finally, it is insisted that the court erred in its instructions to the jury. Under our settled rules of practice, we can not consider this assignment of error. On this question in the motion for a new trial by plaintiff, appears the following: "That the court erred in giving to the jury over the plaintiff's objections and exceptions each of the following instructions. Instructions numbered." This is too indefinite to justify any question for review with regard to any alleged error in the giving of instructions. It is well settled that a ground for a new trial on account of the giving of instructions must be so definite that the court below and this court may know the instructions complained of without searching through the record. Counsel must point out in the motion for a new trial the instructions claimed to be erroneous and must not impose that work upon the court. They should state specifically what instructions are complained of, so that the attention of the court may be directed to them. *Western Union Tel. Co.* v. *Duke,* 108 Ark. 8; *Kansas City Ry. Co.* v. *Davis,* 83 Ark. 217; and *Choctaw & Memphis Rd. Co.* v. *Goset,* 70 Ark. 427.

We find no reversible error in the record, and the judgment must be affirmed.