BROTHERHOOD OF RAILROAD TRAINMEN *v.* FOUNTAINE.

## Opinion delivered November 20, 1922.

1. MARRIAGE—PRESUMPTION OF VALIDITY—WHEN NOT OVERCOME.—In an action on a benefit certificate by one claiming to be his wife and beneficiary, testimony of insured's former wife, from whom defendant claimed he had never been divorced, and who stated that she was interested in the litigation by virtue of her claim to be the beneficiary, as to his place of residence while she lived with him as his wife, together with proof of the contents of the record of insured's subsequent employment and service with several railroad companies, was not conclusive evidence of his various places of residence during such period, so as to warrant a directed verdict for defendant on proof that no divorce had been granted at any of such places; it being for the jury to determine whether the evidence was sufficient to overcome the presumption of the legality of insured's marriage to plaintiff by eliminating possibility of a divorce having been granted at some other place.

2. EVIDENCE—DECLARATIONS OF INSURED.—In an action on a benefit certificate, it was reversible error to prove insured's declarations, made subsequent to his marriage with plaintiff, that he had been divorced from his former wife, such declarations being self-serving.

3. TRIAL—INSTRUCTION—DEGREE OF PROOF.—In an action on an insurance policy warranting plaintiff to be his wife and naming her as beneficiary, where defendant claimed that insured had never been divorced from his former wife, an instruction that the presumption that his marriage to plaintiff could be overcome only "by strong, distinct, satisfactory and conclusive evidence," and that the burden is on defendant to prove that insured had not been divorced by a high degree of proof, was erroneous, as the presumption of validity of the marriage to plaintiff could be overcome by a preponderance of the testimony.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*F. Weldin,* for appellant.

The policy provides for payment of benefits to "lawful wife," and to so pay the amount of the policy to appellee would be a diversion of the benefit funds. 117 Ark. 145. Failure to comply with the constitution and by-laws in designating the beneficiary voids the policy.

135 Ark. 65; 29 Cyc. 118-B 1; 2 A. L. R. 1676; 17 Ann. Cases 865. An illegal designation of beneficiary cannot be waived. 120 Ark. 605; 121 Ark. 185; 123 Ark. 620.

A bigamous marriage is void, though one of the parties enters into it in good faith. 114 Ark. 84. A common-law marriage is invalid. 97 Ark. 272. A wife of a man having another living wife not divorced is not a legal wife. 116 Ark. 501; 112 Ark. 47.

In connection with the testimony pertaining to the residence of the insured and to the divorce records in these places, see the following citations, in regard to residence and compliance with statutory requirements necessary to confer jurisdiction upon a court to grant a divorce: 34 Cyc. 1647; 9 R. C. L. 492, par. 198, 403, par. 199, 399; 195, 511, and 333. 59 Ark. 441 and 54 Ark. 172.

Instruction No. 1 given by the court is erroneous in that it places upon appellant the burden of too high a degree of proof to overcome the presumption of the validity of the marriage of appellee to the deceased. See the following authorities in support of the contention: 18 R. C. L. p. 419; 26 Cyc. pgs. 871 and 872; 89 A. S. R. pgs. 205, 206; 55 Am. Rep. 883; 202 Mass. 500; 147 Ill. 210; 153 Ill. 585.

The statements made by Meredith as to having secured a divorce from his first wife were self-serving and incompetent.

*Murphy, McHaney & Dunaway,* for appellee.

When a marriage has been shown, the law raises a presumption of its legality, casting the burden of proof on the party objecting to prove its invalidity. 84 Tex. 408. 19 A. & E. Enc. of Law (2nd ed) 1209; 43 Am. Rep. 677; 222 Mo. 74; 34 Ark. 518; 67 Ark. 281; 131 Ark. 221; 121 Ark. 361.

The presumption of law is that Meredith obtained a divorce from his first wife, and the attack in this action upon the validity of such divorce and remarriage is a collateral one, which cannot be sustained. The only ones who could attack the decree are his first wife or the

State.    100 Ark. 69; 66 Ark. 113; 14 Cyc. 723; 35 L. R. A. 783; 152 U. S. 327, etc.

Instruction No. 1 was the law and is supported by the following authorities:    222 Mo. 74; 17 Ann. Cas. 677; 203 Mo. 31.    If appellant deemed the instruction to be incorrect, he should have made specific instead of a general objection.

McCulloch, C. J.    This is a suit against appellant on a benefit certificate, or policy of insurance, issued on the life of Arthur C. Meredith, the name of the beneficiary, Winnie E. Meredith, being designated in the application as the wife of the member, and there being a warranty of the truth of all statements contained in the application.    Appellee claims that she was the lawful wife and is the widow of Arthur C. Meredith, and she seeks to recover from appellant the amount of the benefit on the ground that she was the person designated as the beneficiary, and that there was no breach of warranty with respect to her relationship to Arthur C. Meredith, the member.

On the first trial of the case the court directed a verdict, but the judgment was reversed by this court on the ground that there should have been a submission of the issues to the jury.    *Brotherhood of Railroad Trainmen v. Meredith*, 146 Ark. 140.

Since the institution of the action appellee has remarried and appears now under her changed name.    The facts in the case are fully recited in the former opinion. We decided, in substance, that there could only be a recovery upon proof of a lawful intermarriage of appellant with Arthur C. Meredith, but that there is a presumption in favor of the validity of any marriage which is shown to have been solemnized, and that the burden rested upon the insurer to prove that the marriage was invalid.    Appellant attempted to do that, both in the first trial and the last one, by showing that Meredith had a former wife who was still living, and that there had been no divorce.    Upon the remand of the cause it was tried

again, and the issues were submitted to the jury upon instructions, some of which will be referred to later.

It is conceded that Meredith had a wife in the person of Nora C. Meredith, who is still living. Meredith and his wife, Nora, resided at Rector, Clay County, Arkansas, They were married in the year 1908, and according to the testimony of Nora C. Meredith, who was a witness in this case, she and Arthur C. Meredith lived together as husband and wife until the year 1912, and that she has continued to reside at Rector up to the present time. She testified that her husband moved to Jonesboro in the year 1912 and was engaged in railroad service, and moved from there to Amarillo, Texas, in the year 1914. There is other proof tending to show the various places of residence of Arthur C. Meredith up to the time it is alleged he intermarried with the appellee. This proof was in addition to the testimony of Nora C. Meredith, mostly by the testimony of the records of railroad companies, in whose service Meredith was engaged, showing his headquarters.

Appellee proved by her own testimony and by the exhibition of a recorded marriage license that she was married to Arthur C. Meredith in legal form at Amarillo, Texas, on November 19, 1915. The license exhibited shows that it was issued by the clerk of the county court of Potter County, Texas, on November 19, 1915, and there is a certificate attached thereto, purporting to be signed by an ordained minister, certifying that the ceremony was performed on the same day, and there is also a certificate of record purporting to have been signed by, the county clerk.

Appellant adduced testimony of the proper officers and custodians of records in all the places where there was proof tending to show that Meredith had lived up to the time of his alleged intermarriage with appellee, to prove that no decree of divorce had been granted to Meredith or to his former wife, Nora C. Meredith.

Appellant contends that, though the burden was on it, according to our decision in the former appeal. to overcome the presumption of the legality of Meredith's last marriage by showing that there had not been a divorce from his former wife, the fact that there had been no divorce granted was established by undisputed evidence, and that the court should have directed a verdict in favor of appellant.

We do not agree with counsel for appellant that the evidence can be treated as undisputed. The only proof adduced tending to establish the various places of residence of Meredith prior to his intermarriage with appellee was brought forward by the appellant, and appellant then showed by the proper custodians of records that there had been no decree of divorce rendered at any of those places of residence. But the burden being upon appellant to completely negative the fact that there had been a divorce before it can be said that the testimony is undisputed, it must have closed up every possible avenue for the divorce having been granted at some place other than that covered by the testimony adduced in the case.

The testimony undoubtedly warranted a finding that Meredith had only lived at the places covered by the proof which appellant introduced, but this proof was not undisputed and conclusive of the fact that Meredith had only lived at those places. For instance, the proof as to Meredith's place of residence up to and including the year 1912 depended entirely upon the testimony of the former wife, who stated that she was interested in the litigation by reason of the fact that she herself was claiming to be the beneficiary under this policy, and her testimony covering that period of time cannot be treated as undisputed. The jury was not bound to accept it, as it came from a witness confessedly interested in the result of this litigation. *Skillern* v. *Baker,* 82 Ark. 86. The other testimony on this subject was mainly proof of the contents of the record of Meredith's employment and

period of service with the respective railroad companies showing his headquarters during such period. The jury was not bound to accept these records, conceding that they are admissible in evidence for that purpose, as conclusive evidence of the various places of residence of Meredith during those periods. It was a question for the jury to determine whether or not the evidence adduced by appellant was sufficient to overcome the presumption. The proof adduced by appellant on this subject was to be considered by the jury in connection with the presumption in favor of the validity of appellee's marriage with Meredith, and it was within the province of the jury to determine the weight and sufficiency of the evidence. We cannot say that it was undisputed, and the court did not err in refusing to take the case from the consideration of the jury.

Appellee was permitted to prove by the testimony of witness Lindsey, introduced over appellant's objection, that Meredith had stated to him, subsequent to his intermarriage with appellee, that he had been divorced from his former wife, Nora. Other similar declarations made by Meredith were admitted in evidence, over appellant's objection. We are of the opinion that this testimony was incompetent and should not have been admitted. We decided on the former appeal that declarations and admissions of Meredith to the effect that he had not been divorced from his former wife, Nora, were not admissible against appellee as the beneficiary under the certificate. We are unable to conceive any rule upon which the declarations of Meredith would be competent evidence against appellant. The statements of Meredith were merely self-serving, and it necessarily follows that they were not admissible against the appellant as tending to show that there had been a divorce. The damaging effect of this inadmissible testimony is obvious, because if the jury were permitted to consider it at all, they doubtless gave it considerable weight. The error in admitting this evidence calls for a reversal of the judgment.

The court, over appellant's objection, gave the following instruction:

"1. If you find from the evidence that a marriage contract was, in form of law, solemnized, ceremonial in form, between the plaintiff and Arthur C. Meredith, either in that name or in the name of Charles A. Meredith, by an ordained minister, and that they thereafter lived together as husband and wife until said Arthur C. Meredith's death, the law presumes that said marriage was valid, and this presumption being one of the strongest known to the law, can only be overcome by strong, distinct, satisfactory and conclusive evidence to the contrary. In other words, in this case, the defendant having attacked the legality of the marriage between plaintiff and said Meredith, the burden is upon the defendant to convince you that Arthur C. Meredith had not been divorced from his first wife, and, as before stated, the law requires a high degree of proof to establish this fact. If you find from all the evidence in this case that the defendant has failed to do this, to your satisfaction, then your verdict should be for the plaintiff." * * *

The objection to this instruction was general, and it is unnecessary to determine on this appeal whether or not that form of objection was sufficient to properly call in question the defects and errors in the instruction, but in view of another trial of the case we call attention to it for the benefit of the trial judge.

The instruction is erroneous in that it places upon appellant the burden of too high a degree of proof in order to overcome the presumption of the validity of appellee's intermarriage with Meredith. The instruction, in effect, constitutes one upon the weight of the evidence. The presumption of the validity of appellee's marriage is a rebuttable one and may be overcome by a preponderance of the testimony, and the question of the weight and sufficiency of the evidence is, as in all other trials of issues at law, one for the jury.

On account of the error indicated above, the judgment is reversed and the cause remanded for a new trial.