BEARDEN *v.* McCRACKEN.

Opinion delivered November 9, 1925.

DAMAGES—BREACH OF CONTRACT.—In an action for damages for breach of plaintiff's contract to erect a building to be leased to plaintiff for a restaurant, money which plaintiff might have earned in other employment declined by him in reliance upon above contract and expenses incurred by plaintiff in moving to town were too remote to be recoverable for breach of such

contract; the measure of damages being the loss of profits from the restaurant business, which plaintiff admitted that he could not show.

Appeal from Marion Circuit Court; *J. M. Shinn,* Judge; affirmed.

*J. H. Black,* for appellant.

*Elmer Owens,* for appellee.

SMITH, J. Appellant filed a complaint in which he alleged that on the 1st day of February, 1924, he and the defendant entered into a contract whereby the defendant agreed to erect a business building in the town of Flippin, Arkansas, to be used and occupied by the plaintiff as a restaurant, and for which plaintiff agreed to pay a monthly rental of $10 for a period of one year. The building was to be adequate for the purpose named, and was to be erected within ten days from February 1, 1924. Relying upon the defendant's agreement to erect the building plaintiff declined an offer of employment at $80 per month for a period of a year, and moved his family and household goods to Flippin, and was ready and willing to rent the building and operate the restaurant. Defendant failed to comply with his agreement to erect the building, whereby plaintiff was thrown out of employment from the 1st day of February, 1924, until the 1st day of July, 1924. Plaintiff sued for the time thus lost and $20 as expenses incurred in moving to Flippin.

A demurrer to this complaint was sustained, and, plaintiff electing to stand thereon, the cause was dismissed, and from that order is this appeal.

Appellant concedes in his brief that he cannot prove any damages flowing from the alleged breach of the contract by way of profits lost from defendant's failure to erect the building; and, unless he is allowed to recover the sum he would have received by accepting the employment which he declined in order that he might enter the restaurant business, he will be without redress for the breach of the contract. In other words, he concedes that the only damages he can prove are the loss of the employment he declined and the expense of moving to Flippin.

These damages are not recoverable under the allegations of the complaint. There is no allegation that the rental value of the building was more than plaintiff agreed to pay, and there is an admission that no loss of profits could be shown. The business had never been established, and plaintiff concedes that he cannot show that any profits would have been earned had he conducted the restaurant business for the period contemplated.

In the case of *Black v. Hogsett,* 145 Ark. 178, the facts were that Black, who owned and operated a confectionery store and cold-drink stand, sold the business to Mrs. Hogsett, and rented her a soda fountain. Black claimed that Mrs. Hogsett had failed to exercise an option to purchase the soda fountain, and he sold it to another party. Mrs. Hogsett alleged a breach of her contract and recovered a judgment for damages for the profits lost by being deprived of the use of the fountain. It was contended on the appeal to this court that damages for the profits were not recoverable, but in sustaining the recovery we said: "The principle touching the question of profits as an element of damages is well settled. The rule is that, where one party to a contract is prevented from performing the same by the fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made, had the other party carried out his contract. The rule that damages which are uncertain or contingent cannot be recovered does not apply to uncertainty as to the value of the benefits to be derived from performance, but to uncertainty as to whether any benefit would be derived at all. If it is reasonably certain that profits would have resulted had the contract been carried out, then the complaining party is entitled to recover" (citing cases).

Here plaintiff proposed to embark in the restaurant business for the purpose, of course, of earning the profits to be derived from the conduct of that business, and defendant was to furnish the building in which that business was to be conducted. The measure of damages for

the breach of such a contract is the profits lost. At section 65 of the chapter on Damages in 8 R. C. L. page 505, it is said: "Where the profit to be made was the inducement to the contract, such profit is the measure of damages. So a recovery may be had for the loss of profits which are the direct and immediate fruits of the contract itself. Such profits are not to be regarded as consequential, remote, or speculative in character, but are regarded as part and parcel of the contract itself, entering into and constituting a portion of its very elements, something stipulated for, and the right to the enjoyment of which is just as clear and plain as to the fulfillment of any other stipulation."

If it be true, as plaintiff concedes, that he cannot prove the loss of any profits as the result of defendant's breach of the contract, then he has failed to state a cause of action, for the amount of such profits constitutes the measure of his damages.

The money plaintiff might have earned had he not contracted to engage in the restaurant business, and the expense he incurred in moving to Flippin, are too remote to be recoverable as damages for the breach of the contract set out in the complaint, and the demurrer to the complaint was properly sustained under the admissions contained in appellant's brief. The judgment of the court below is therefore affirmed.