PUBLIC UTILITIES CORPORATION OF ARKANSAS *v.* CARDEN.

Opinion delivered December 8, 1930.

*W. P. Strait,* for appellant.

*Dean, Moore & Brazil,* for appellee.

SMITH, J. Appellee recovered a judgment to compensate an injury, which, according to his testimony at the trial from which this appeal comes, was sustained in the following manner: Appellant company had caused ditches or trenches to be dug, in which a gas line pipe was to be laid. There was a large rock in the ditch, which appellee was ordered by his foreman to remove. Appellee called one J. W. Reynolds, a fellow-servant, to assist him, and the two began to lift the rock from the ground, and just as they did so and while appellee was in a strained position, lifting all his strength would permit, Reynolds, without warning, released his hold, which unexpected action placed the entire weight of the rock on appellee in a strained position, and ruptured him.

Appellee's testimony presented this question for the jury, and the law of the subject appears to have been correctly declared by the instructions which were given.

Appellant company introduced at the trial a statement signed by appellee, which purported to detail the circumstances of his injury, and it was therein stated as a fact that Reynolds did not release his hold on the rock, and Reynolds, testifying as a witness at the trial, stated that he did not do so. This was the pivotal question of

fact in the case. Appellee admitted signing the statement, but testified that it did not read, when he signed it, as it read at the time it was offered in evidence at the trial.

Upon this question the court charged the jury as follows:

"An effort is made upon the part of the defendant to contradict the plaintiff in certain parts of his testimony, and with a view of doing that they have read in testimony here what they contend is a statement made and signed by the plaintiff soon after the injury occurred. The defendant contends that he made all of those statements that your attention was called to. He denies that.

"The court tells you that that statement, and all of that evidence connected with it, is admissible alone for the purpose of contradicting the plaintiff, Carden, if it does contradict him. It is not evidence for any other purpose, and you should consider it alone for that purpose.

"In making up your verdict and in weighing the evidence and deliberating upon the credibility of the witnesses, you take all of these things into consideration —whether or not a witness has been contradicted, or whether or not he has been corroborated by other facts and circumstances—and that statement, together with all the testimony that has been introduced relating to it, is admitted to you to throw whatever light it may throw, if it throws any light upon what credence you are to give to the testimony of Mr. Carden—whether or not it will strengthen him or weaken him, if it does either; and you are to consider it for no other purpose."

This instruction was erroneous. It permitted the jury to consider the signed statement "for the purpose alone of contradicting plaintiff," which it does, but its use should not have been limited to that purpose. It was a declaration against interest and was admissible as such. *Booth* v. *St. L. S. W. Ry. Co.,* 170 Ark. 801, 281 S. W. 8.; *Davis* v. *Falls,* 172 Ark. 314, 288 S. W. 723.

The signed statement purported to be a detailed narration of the circumstances of appellee's injury, made by appellee himself, and was therefore admissible as substantive testimony, and not merely as impeaching testimony.

For instance, suppose Reynolds' testimony had been favorable, and not unfavorable as it was, and appellee had decided to rest his case upon the favorable testimony of Reynolds. Would the fact that appellee had not testified, and could not therefore be contradicted or impeached as a witness, render his signed statement inadmissible? Under the circumstances stated, it would have been inadmissible if it could be considered only for the purpose of contradiction, because appellee had not testified. Its competency, of course, did not depend upon the fact that appellee testified. It would have been, and was, admissible, whether appellee testified or not, and its use should not therefore have been limited to that of contradicting appellee, if this was its effect. It was admissible as a declaration against interest, and the jury should not have been denied the right to consider it as such.

The probative value of the statement was, of course, a question for the jury. Appellee's testimony as to the circumstances under which it was signed was such, if believed, as to discredit the statement altogether and cause it to be disregarded by the jury; but this, too, was a jury question. The jury might have found, if permitted to do so, that appellee was, in fact, injured in the manner detailed in the signed statement; in other words, that the signed statement spoke the truth, and then, if so, that there was no negligence on the part of Reynolds, and consequently no liability against the appellant.

In the case of *Booth* v. *St. L. S. W. Ry. Co., supra,* it was held (to quote a head-note): "Where a witness for defendant testified that plaintiff made a certain statement in the nature of an admission, which witness immediately reduced to writing, the statement was admis-

sible, though the plaintiff at the time refused to sign it, and at the trial denied having made it."

At § 3 of the chapter on Admissions and Declarations, 1 R. C. L. page 468, it was said: "A statement, to be admissible within the rule pertaining to admissions and declarations, must be against the proprietary or pecuniary interest of the person making it, as when so made there is a reasonable guaranty for its truth, forasmuch as people ordinarily do not assert facts that are injurious to them. From this want of motive to falsify, then, and from necessity, there being no better evidence available, disserving declarations are admitted. The declarations when received in evidence are said to be admitted as facts in themselves, from which presumptions may arise for or against the facts in question." The annotated cases cited in the note to the text quoted collect many cases which support the text.

For the error in giving the instruction set out above the judgment must be reversed, and the cause will be remanded for a new trial.