CLARKE REED ET AL *v.* CHES WILLIAMS, D/B/A
WILLIAMS DIESEL SERVICE

5-4983                                           445 S. W. 2d 90

Opinion delivered October 6, 1969

*Shaver, Tackett, Young & Patton,* for appellants.

*Rieves & Rieves,* for appellee.

FRANK HOLT, Justice. This is an action to recover damages for breach of a contract. In February 1967 appellee entered into a landclearing contract with the owner of certain lands. Appellee agreed to clear 1,800 acres for agricultural purposes by July 15, 1967, unless prevented by weather conditions. The contract price was $70,000. Thereafter, the appellants purchased the land with an assumption of the grantor's obligation under the contract. On July 1, 1967, the appellants ordered the appellee to remove himself, his employees and equipment from the property. The appellee brought this action against the appellants alleging that he had performed his obligation under the contract up until that date; that appellee had been paid only $13,000; that appellee had cleared approximately 50% of the acreage and that as a result of appellants' breach of the contract, appellee had been damaged in the sum of $39,697. The appellants entered a general denial and counterclaimed for $37,150 in damages based upon the allegation that appellee had breached the contract. These issues were presented to a jury which returned a verdict in favor of the appellee and assessed his damages at $17,000. The jury found against the appellants on their counterclaim.

For reversal appellants' sole contention is:

"The Court erred in giving Appellee's Requested Instruction No. 3, which related to anticipated profits, in that the testimony regarding profits was too speculative to warrant the giving of such an instruction."

The legal principle controlling here was recently reannounced in the case of *Farmers Cooperative Assn.* v. *Phillips,* 241 Ark. 28, 405 S. W. 2d 939 (1966), where we said:

"We are committed to the rule in *Black* v. *Hogsett,*

145 Ark. 178, 224 S. W. 439 (1920) and subsequent cases, to the effect that where one party to a contract is prevented from performing by the fault of the other party, he is entitled to recover the profits which the evidence makes it reasonably certain he would have made had the other party carried out his contract."

See, also, *Brodie et al v. Watkins and Wife*, 33 Ark. 545 (1878). In *Sumlin v. Woodson*, 211 Ark. 214, 199 S. W. 2d 936 (1947), we said:

"* * * When a party embarks on the enterprise of recovering anticipated profits, he must present a reasonably complete set of figures, and not leave the jury to speculate as to whether there would have been any profits."

There appears to be no dispute between the parties as to the rule of law which governs in the case at bar.

Appellee and other witnesses, who were experienced in clearing land, testified that 850 to 900 acres or approximately 50% of the land was cleared and made fit for agricultural purposes at the time of the breach of the contract by appellants. An employee of a lumber company who had had 26 years experience in measuring or cruising timber and surveying land made his measurements by chain and stated that 845 acres or 47% of the 1,800 acres were cleared in accordance with the terms of the contract. Appellants presented evidence that appellee had cleared only the "easy part" of the land and that the expense to appellee in clearing the remainder would have been much greater. The appellee adduced evidence, however, that the land he had already cleared was a more difficult task than clearing the remainder of the acreage. It is undisputed that appellee's expenses for the work performed as of the date of the cancellation of the contract totaled $21,478.28. Based on a 50% completion, appellee testified that he would have

incurred additional expenses of $17,302.12 in completing the contract. This represented the same amount of expenses previously incurred for clearance of half of the land, less the expense of hauling equipment to the jobsite. According to appellee's computations or evidence, the contract price of $70,000, less the total of the incurred and projected expenses [$21,478.28 and $17,-302.12] would leave a profit of $31,219.60. When the $13,000 which appellee had received from the appellants is subtracted from this profit figure, there would remain a balance of $18,219.60 owing to the appellee. The jury awarded $17,000.

In 22 Am. Jur. 2d, Damages, § 172, after enunciating the general rule, with which Arkansas is in accord, it is said:

"* * * While lost profits will not be allowed as damages if the trier of fact is required to speculate as to the fact or amount of profits, courts state that less certainty is required to prove the amount of lost profits than is required to show that the profits were lost."

When we review the evidence which is most favorable to the appellee, as we must do on appeal, the appellee's proof was sufficient to take the question of profits out of the realm of speculation and conjecture and presented to the jury a reasonably complete set of figures to support the jury's finding as to anticipated profits.

Affirmed.