AMERICAN FIDELITY FIRE INSURANCE CO. *v.* KENNEDY BROS. CONSTRUCTION, INC.

84-20                                                    670 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered June 4, 1984

*Grace, Napper, Allen & East,* for appellant.

*Shaver, Shaver & Smith,* by: *Tom B. Smith,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Kennedy Brothers Construction, Inc., hereinafter Kennedy, submitted a bid to the U.S. Army Corps of Engineers on the Haleside Rectification Project in Lee County. Kennedy, with its bid, submitted a surety bond issued by appellant, American Fidelity Fire Insurance Company. Although appellee was the lowest bidder for the job, the U.S. Army Corps of Engineers found the surety bond to be improper and awarded the construction job to the next highest bidder. Kennedy brought suit against appellant for negligent performance of its contract. The jury returned a verdict for Kennedy in the amount of $64,407.00 for lost profits. On appeal appellant argues that evidence of lost profits was speculative and insufficient to support the jury's verdict. We affirm.

Lost profits must be proven by evidence which makes it reasonably certain the profits would have been made had the other party carried out his contract. *Black* v. *Hogsett,* 145 Ark. 178, 224 S.W.2d 439 (1920); *Reed* v. *Williams,* 247 Ark. 314, 445 S.W.2d 90 (1969). "When a party embarks on the enterprise of recovering anticipated profits, he must present a reasonably complete set of figures, and not leave the jury to speculate as to whether there could have been any profits." *Sumlin* v. *Woodson,* 211 Ark. 214, 199 S.W.2d 936 (1947).

Appellant argues that Kennedy's estimates regarding the length of time it would take to complete the project rested on speculation and conjecture. Appellant contends Kennedy could not have completed the work in the allotted time because the notice to proceed was not actually issued until almost two months after the projected beginning date. However, Kennedy testified that he would have accelerated the necessary paperwork in order to obtain the notice to proceed by September 1. Kennedy further testified he would have moved his equipment, located less than sixty miles from the job site, before the notice to proceed was issued, which would have enabled him to begin work immediately. Appellant's argument that Kennedy could not have completed the project because of bad weather is not well founded

because appellant has failed to recognize the likelihood of Kennedy's earlier beginning date.

Appellant further argues that the Kennedy estimate was based upon speculation and conjecture because its figures were incomplete. Kennedy, however, submitted the direct testimony of the two Kennedy brothers who each had twenty years experience in the earth-moving contracting business along with the testimony of a witness with lifetime experience in the earth-moving business and another witness with lifetime experience in heavy equipment use and operation. These witnesses testified the job could have been done for $216,580.00, could have been completed within the contract time, and could have been completed by Kennedy's employees with its equipment.

Kennedy submitted exhaustive testimony and twenty-one exhibits showing its calculated cost and profits for each item listed in the Corps of Engineers bid form. Included were worksheets showing the hourly cost of operating each piece of equipment and the cost of employees detailed item by item and piece by piece; purchase tickets establishing the cost of fuel, grease, oil, and cable; bids received for gravel, concrete, riprap, clay and corrugated pipe and the cost of transporting these materials; figures indicating the cost of obtaining and operating a new dragline; tabulations of how the equipment would perform; contracts, bid forms, specifications and maps; and climatological data for the area prepared by the U.S. Weather Service. All of this data was admitted without objection. Cost and profit were calculated as follows:

| Item | Bid | Cost | Profit |
|------|-----|------|--------|
| 1. Clearing | $ 2,950.00 | $ 781.46 | $ 2,168.54 |
| 2. Excavation | 108,000.00 | 64,857.00 | 43,143.00 |
| 3. Corrugated Pipe | 60,750.00 | 31,017.55 | 29,732.45 |
| 4. Clay Gravel Surfing | 1,440.00 | 853.44 | 586.53 |
| 5. Filter Gravel | 5,940.00 | 4,567.90 | 1,372.10 |
| 6. Riprap | 21,000.00 | 17,860.75 | 3,139.25 |
| 7. Grout | 16,500.00 | 12,732.20 | 3,767.80 |
| TOTAL | $216,580.00 | $132,670.30 | $83,909.67 |
| Less Depreciation | | | 19,502.00 |
| | | Profit | $64,407.67 |

On appeal we must view the evidence in the light most favorable to the appellee. If there is substantial evidence to support the jury's verdict we must affirm. We conclude the appellee's proof was sufficient to take the question of profits out of the realm of speculation and conjecture and presented to the jury a reasonably complete set of figures to support the jury's verdict.

Affirmed.