808 F.2d 628
 8 Employee Benefits Ca 1001
 Gary W. REKLAU, On Behalf of Himself and all others
Similarly Situated, Plaintiffs-Appellants,
v.
MERCHANTS NATIONAL CORPORATION, A One Bank Holding Company,
Merchants National Bank & Trust Company of Indianapolis, A
National Bank, In Its Individual Capacity and As Trustee,
and Merchants National Bank & Trust Company of Indianapolis
Employees' Pension Plan, Defendants-Appellees.
 No. 85-2973.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 9, 1986.
Decided Dec. 23, 1986.
 
 Douglass R. Shortridge, Douglass & Shortridge, P.C., Indianapolis, Ind., for plaintiffs-appellants.
 Stanley C. Fickle, Barnes & Thornburg, Indianapolis, Ind., for defendants-appellees.
 Before WOOD, COFFEY, and RIPPLE, Circuit Judges.
 COFFEY, Circuit Judge.
 
 
 1
 Gary Reklau appeals the district court's grant of summary judgment of this class action in favor of Merchants National Corporation. We affirm.
 
 
 2
 * The plaintiff, Gary Reklau, was hired on May 19, 1975, as a Management Trainee of the Merchants National Bank and Trust Company ("Bank") of Indianapolis, Indiana. The Bank is a wholly owned subsidiary of the Merchants National Corporation (the "Corporation"), a holding company for the bank. While employed with the Bank, Reklau advanced to the positions of Assistant Branch Manager, Branch Manager, and eventually was elected an officer of the Bank with the title of Assistant Cashier and later Assistant Vice-President. Until the date of his termination on April 16, 1984, the plaintiff participated in the Merchants National Bank and Trust Company of Indianapolis Employees' Pension Plan (the "Pension Plan" or "Plan").[1]
 
 
 3
 The Pension Plan was adopted as of July 1, 1938. Its purpose is to provide monthly retirement income to the employees of the Corporation's subsidiaries, including the Bank. The Corporation and all of its principal subsidiaries have become participating employers in the Pension Plan. The Pension Plan has been amended several times and it was revised effective January 1, 1976, and was again revised as of January 1, 1984, in an attempt to comply with the new requirements of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), respectively.
 
 
 4
 In the late '70s or early '80s, the directors of the Corporation and the Bank adopted the Directors' Deferred Compensation Plan ("Directors' Plan") which in essence is a retirement plan for employees in the higher income brackets, significant shareholders, and directors of the Corporation. On October 18, 1983, the directors of the Bank adopted a proposal permitting the Bank to enter into supplemental pension benefit agreements (Plan Supplement) with "high officers" of the Bank. The Bank entered into this agreement on September 12, 1984.
 
 
 5
 Under the terms of the Pension Plan, a participant's benefits are not completely vested until he has participated in the Plan for ten years.[2] The plaintiff had seven months "continuous service" under the terms of the pre-1976 Pension Plan. He was credited with eight years of "vesting service" after 1976, giving him a total of 8.58 years of vesting service in the Pension Plan at the time his employment was terminated. The plaintiff was neither a participant in the Directors' Plan nor the Plan Supplement.
 
 
 6
 In his complaint filed with the district court, the plaintiff[3] made several arguments, among them that the Pension Plan violates ERISA and the Internal Revenue Code ("I.R.C.") because the Plan discriminates in favor of executive employees, officers and substantial shareholders and other highly compensated employees of the Bank under Sec. 401(a)(4) of the I.R.C. The defendants moved for summary judgment, and the district court granted the motion pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, finding no genuine issue of material fact. Reklau v. Merchants Nat'l. Corp., No. IP 84-1389-C, Mem. Op. (S.D.Ind. Oct. 11, 1985). The plaintiff appeals the district court's grant of summary judgment raising two issues.[4] (1) whether Sec. 401(a)(4) of the I.R.C. should be incorporated into ERISA and (2) whether the plaintiff, as a participant in a Pension Plan, has a private cause of action under ERISA for alleged discrimination in favor of the executive employees, officers, and substantial shareholders and other highly compensated employees of the Bank in the operation of the Pension Plan as defined under Sec. 401(a)(4) of the I.R.C. We affirm.
 
 II
 
 7
 A grant of summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)[5]. We must construe the facts in this case in the light most favorable to the plaintiff since he was the party opposing the motion for summary judgment. See O'Donnell v. CBS, Inc., 782 F.2d 1414, 1415 (7th Cir.1986).
 
 
 8
 Reklau asserts in his brief that the district court improperly determined that:
 
 
 9
 "[i]t was without authority to review the Pension Plan for the purpose of determining whether the Plan was discriminatory in practice. The opinion thus erroneously interpreted the provisions of ERISA and of the Internal Revenue Code and the relationship between the two."
 
 
 10
 The plaintiff argues that the court's error was based on two "faulty suppositions": (1) that 29 U.S.C. Sec. 1202(c) makes treasury regulations promulgated under the I.R.C., 26 U.S.C. Secs. 410(a), 411 and 412 applicable to ERISA, but not Sec. 401 of the I.R.C. and (2) that Sec. 401 of the I.R.C. does not create any substantive rights that an individual can enforce as a participant or beneficiary under a tax qualified plan.
 
 
 11
 a. Title 29, Sec. 1202 of ERISA sets out procedures dealing with continued compliance with Internal Revenue requirements relating to participation, vesting, and funding of plans and trusts. The plaintiff attempts to employ 29 U.S.C. Sec. 1202(c)[6] as the touchstone for his allegations that the Pension Plan is violative of ERISA, as well as the I.R.C. Title 29, Sec. 1202(c) makes applicable to ERISA treasury regulations prescribed under 26 U.S.C. Secs. 410(a), 411 and 412, none of which the plaintiff alleges the defendants violated in the present case. Reklau argues that since Sec. 401(a)(4) of the I.R.C.[7] is "cordinated" with Sec. 411(d)(1) of the I.R.C.[8] which is applicable to ERISA by virtue of 29 U.S.C. Sec. 1202(c), it should likewise be applicable to ERISA. The plaintiff fails to cite any case law to support this position. The Supreme Court has noted that "ERISA is a 'comprehensive and reticulated statute,' which Congress adopted after careful study of private retirement pension plans." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 510, 101 S.Ct. 1895, 1899, 68 L.Ed.2d 402 (1981). (Citation omitted). We agree with the district court's assessment of this issue:
 
 
 12
 "There is no basis, under Sec. 1202(c) or elsewhere in ERISA, to find that the provisions of IRC Sec. 401--which relate solely to the criteria for tax qualification under the Internal Revenue Code--are imposed on pension plans by the substantive terms of ERISA."
 
 
 13
 Reklau v. Merchants Nat'l. Corp., No. IP 84-1389-C, Mem.Op. at 8, (S.D.Ind. Oct. 11, 1985). We are convinced that had Congress intended that Sec. 401 of the I.R.C. be applicable to ERISA, it would have so stated in clear and unambiguous language as it did in 29 U.S.C. Sec. 1202(c) with Secs. 410(a), 411 and 412 of the I.R.C.[9] We thus refuse to read Sec. 401(a) of the I.R.C. as applicable to ERISA.
 
 
 14
 b. The plaintiff also argues that the district court was in error in ruling that Sec. 401 of the I.R.C. does not create substantive rights under ERISA that can be enforced by an individual in a private cause of action as a participant under a tax qualified pension plan. The trial court cited several cases in support of its finding. See, e.g., Cowan v. Keystone Employee Profit Sharing Fund, 586 F.2d 888, 890 n. 3 (1st Cir.1978) ("This section [Sec. 401 of the I.R.C.] does not appear to create any substantive rights that a beneficiary of a qualified retirment trust can enforce."); Wiesner v. Romo Paper Products Corp., 514 F.Supp. 289, 291 n. 2 (E.D.N.Y.1981) ("The sections relied on, 26 U.S.C. Secs. 401, 404 and 503, do not create a substantive right that a beneficiary, participant or fiduciary could enforce."); Vermeulen v. Central States, Southeast and Southwest Areas Pension Fund, 490 F.Supp. 234, 237 n. 6 (M.D.N.C.1980) ("This court agrees with the First Circuit's holding in Cowan v. Keystone Employees [sic] Profit Sharing Fund, 586 F.2d 888, 890 n. 3 (1st Cir.1978)").
 
 
 15
 The plaintiff argues that all the acts or omissions complained of in the cases relied on by the trial court predate the enactment of ERISA. The relevant inquiry in those cases was whether Sec. 401 of the I.R.C. created any substantive rights that could be enforced by an individual as a participant or a beneficiary under a tax qualified pension plan. The decisions held that it did not. See Cowan, Wiesner, Vermeulen. Reklau has failed to explain how the passage of ERISA would require a different result in pre-ERISA cases the district court relied on to support its decision, nor has our review of the legislative history of ERISA revealed any intent on the part of Congress to alter the result in those cases. He has also failed to offer any case law that is in contradiction of the district court's finding on this issue. We hold that the district court's refusal to find an implied cause of action under Sec. 401 of the I.R.C. was proper.
 
 III
 
 16
 We hold that the district court's finding that there was no genuine issue of material fact was proper. The decision of the district court in granting summary judgment is AFFIRMED
 
 
 
 [1]
 The Corporation is the sponsoring employer of the Pension Plan. The Bank formerly occupied that position and is still the trustee of the Plan
 
 
 [2]
 This is known as "ten-year cliff vesting."
 
 
 [3]
 On March 22, 1985, the district court granted plaintiff's motion to maintain a class action
 
 
 [4]
 On appeal the plaintiff raises for the first time new issues in an attempt to create a genuine issue of material fact. Because the plaintiff failed to raise these issues before the district court, he is barred from raising them on appeal. In Liberles v. County of Cook, 709 F.2d 1122 (7th Cir.1983), we stated:
 "It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the motion, it cannot raise such reasons on appeal."
 709 F.2d at 1126.
 
 
 [5]
 Rule 56(c) of the Fed.R.Civ.P. provides in part:
 [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 
 [6]
 Section 1202(c) of Title 29 provides:
 Regulations prescribed by the Secretary of the Treasury under sections 410(a), 411, and 412 of Title 26 (relating to minimum participation standards, minimum vesting standards, and minimum funding standards, respectively) shall also apply to the minimum participation, vesting, and funding standards set forth in parts 2 and 3 of subtitle B of subchapter I of this chapter. Except as otherwise expressly provided in this chapter, the Secretary of Labor shall not prescribe other regulations under such parts, or apply the regulations prescribed by the Secretary of the Treasury under sections 410(a), 411, 412 of Title 26 and applicable to the minimum participation, vesting, and funding standards under such parts in a manner inconsistent with the way such regulations apply under sections 410(a), 411, and 412 of Title 26.
 
 
 [7]
 Section 401(a)(4) of Title 26 provides:
 A trust created or organized in the United States and forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall constitute a qualified trust under this section--
 (4) If the contributions or the benefits provided under the plan do not discriminate in favor of employees who are--
 (A) officers,
 (B) shareholders, or
 (C) highly compensated.
 * * *
 
 
 [8]
 Section 411(d)(1) of Title 26 provides:
 (1) A plan which satisfies the requirements of this section shall be treated as satisfying any vesting requirements resulting from the application of section 401(a)(4) unless--
 (A) there has been a pattern of abuse under the plan (such as a dismissal of employees before their accrued benefits become nonforfeitable) tending to discriminate in favor of employees who are officers, shareholders, or highly compensated, or
 (B) there have been, or there is reason to believe there will be, an accrual of benefits or forfeitures tending to discriminate in favor of employees who are officers, shareholders, or highly compensated.
 
 
 [9]
 As we previously noted, Title 29, Sec. 1202(c) clearly states that Secs. 401(a), 411, and 412 of Title 26 are applicable to ERISA:
 Regulations prescribed by the Secretary of Treasury under sections 410(a), 411, and 412 of Title 26 (relating to minimum participation standards, minimum vesting standards, and minimum funding standards respectively) shall also apply to the minimum participation, vesting, and funding standards set forth in parts 2 and 3 of subtitle B of subchapter I of this chapter.