**INTERNATIONAL ART GALLERIES, INC., Appellee,**

v.

**KINDER–HARRIS, INC., Appellant.**

**INTERNATIONAL ART GALLERIES, INC., Appellant,**

v.

**KINDER–HARRIS, INC., Appellee.**

**Nos. 89–2022, 89–2044.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1990.

Decided July 12, 1990.

Rehearing Denied Aug. 29, 1990.

John Haley, Little Rock, Ark., for appellant.

Clark W. Mason, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and GUNN,[*] District Judge.

JOHN R. GIBSON, Circuit Judge.

Kinder–Harris, Inc., appeals from a judgment entered against it on a breach of contract claim brought by International Art Galleries, Inc. (IAG). Kinder–Harris argues that the district court[1] should have granted its motions for a directed verdict, for a judgment notwithstanding the verdict, for a new trial, or for remittitur, because IAG offered insufficient proof of damages. IAG cross appeals, arguing that the district court erred by reducing the jury's verdict from $220,938 to $184,234. We affirm the judgment of the district court in all respects.

Because this diversity case primarily involves the application of settled law to the facts here, this opinion will have little precedential value. Therefore, we will not exhaustively discuss the issues before us. We summarize the evidence in the light most favorable to the verdict. IAG and Kinder–Harris agreed that Kinder–Harris would design and market a new line of art work to be produced by IAG. Joe Phillips, then Vice–President and General Manager of Kinder–Harris, told IAG's President that "we'll guarantee a million dollars in sales the first year, and we have a deal." (Tr. at 50). Soon thereafter, Phillips wrote a letter to IAG outlining the terms of the arrangement. In that letter, Phillips stated that, "We are committing a minimum of $1,000,000 in sales the first year. In re-

---

[*] The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

turn you are committing to the responsibility [of] meeting the required production and shipping schedules." (Appellant's App. Tab 5, at 2). IAG shipped art work to Kinder–Harris for display at markets in Dallas and Atlanta during July 1986. After a disappointing response at the markets, Kinder–Harris stopped displaying the art. This action for breach of contract followed. The jury returned a verdict in favor of IAG for $220,938, and the district court reduced the award to $184,234.

I.

Kinder–Harris argues that the district court should have granted its motion for a directed verdict or a judgment notwithstanding the verdict because IAG failed to offer adequate proof of damages. The evidence on this issue came from John Maggorie, Jr., a Certified Public Accountant. Maggorie based his estimate upon a projected million dollars worth of sales. Because IAG typically sold products for three times the price that IAG had paid for them, he assumed that IAG could purchase the products for $333,333.33. He then estimated IAG's other expenses, and arrived at a pre-tax net income figure.

Maggorie acknowledged on cross-examination that his profit projection would have been lower if he had incorporated lower selling prices and profit margins into the projection. However, he stated that his profit margin and selling price assumptions were based upon the prices and profit margins that IAG had attained when selling other art.

Maggorie also stated that his calculation was based upon a commission rate of twenty percent. The letter from Phillips to IAG, however, had specified a twenty-three percent commission rate. Maggorie testified that if a twenty-three percent commission rate were used instead of a twenty percent rate, the estimated pre-tax net income would fall from $178,986 to $148,986.

Both parties rely upon Arkansas law to establish whether there was sufficient evidence of damages to justify submitting the damages claim to the jury.[2] On this question of state law, we give great weight to the decision of the district judge. *G.A. Imports v. Subaru Mid–America, Inc.,* 799 F.2d 1200, 1205 (8th Cir.1986). After reviewing the record in this case, we conclude that although Maggorie's testimony was necessarily based upon estimates, it was unlike the "speculative" evidence of damages that has been held to be insufficient in Arkansas. For example, the Arkansas Supreme Court has held that:

> The rule that damages which are uncertain or contingent can not be recovered, *does not apply to uncertainty as to the value of the benefits to be derived from performance, but to uncertainty as to whether any benefit would be derived at all.* If it is reasonably certain that profits would have resulted had the contract been carried out, then the complaining party is entitled to recover.

*Jim Halsey Co. v. Bonar,* 284 Ark. 461, 467–68, 683 S.W.2d 898, 903 (1985) (emphasis added) (quoting *Crow v. Russell,* 226 Ark. 121, 123, 289 S.W.2d 195, 197 (1956) (quoting, in turn, *Black v. Hogsett,* 145 Ark. 178, 182, 224 S.W. 439, 440 (1920))), *supplemented on other grounds,* 284 Ark. 461, 688 S.W.2d 275 (1985). In this case, Kinder–Harris guaranteed that there would be a million dollars worth of sales. Thus, it is reasonably certain that profits would have resulted had the contract been carried out. Furthermore, IAG did provide specific, detailed estimates of its damages. We also believe that the district court's decision to submit this question to the jury is consistent with this court's opinion in *Rogers v. Allis–Chalmers Credit Corp.,* 679 F.2d 138 (8th Cir.1982), and the Arkansas Supreme Court's opinions in *American Fidelity Fire Ins. Co. v. Kennedy Bros.*

**2.** We have discussed in some of our earlier decisions whether submissibility questions should be decided under state or federal law. *See, e.g., Crues v. KFC Corp.,* 729 F.2d 1145, 1148 n. 1 (8th Cir.1984). When faced with no apparent difference between federal and state law, we have been content to avoid deciding which law should be applied. Because the parties have not identified any differences between the Arkansas and federal standards, and because the parties have relied only on Arkansas law, we will look to Arkansas law in determining this question.

*Constr.*, 282 Ark. 545, 670 S.W.2d 798 (1984); *Robertson v. Ceola,* 255 Ark. 703, 501 S.W.2d 764 (1973); and *Reed v. Williams,* 247 Ark. 314, 445 S.W.2d 90 (1969).

## II.

[2] Kinder–Harris next argues that even if there was sufficient evidence to support a damages award for one year of production, there was, nevertheless, insufficient evidence to support an award for a second year. We are not persuaded by this contention. Phillips stated, in his letter to IAG, that Kinder–Harris guaranteed a million dollars in sales *"the first year."* (Appellant's App. Tab 5, at 2). Also, he closed the letter by stating, "Here is to a long and prosperous relationship." *Id.* Given those statements, a jury could have reasonably decided that the parties had contracted for more than one year. Thus, it was for the jury to decide whether to award damages for one year, two years, or more.

## III.

Kinder–Harris also argues that its motions for a new trial or remittitur should have been granted because Maggorie had assumed, when forming his projections, that a million dollars worth of art would be sold but did not demonstrate that a million dollars in sales was either feasible or plausible. We review the district court's denial of motions for a new trial or remittitur only for abuse of discretion, *Jones v. Board of Police Comm'rs,* 844 F.2d 500, 503 & n. 3 (8th Cir.1988) (new trial), *cert. denied,* —— U.S. ——, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989); *Ouachita Nat'l Bank v. Tosco Corp.,* 716 F.2d 485, 488 (8th Cir.1983) (en banc) (remittitur), and we conclude that the district court did not abuse its discretion in this case. Maggorie did not have to establish that a million dollars worth of sales was either feasible or plausible, because Phillips guaranteed a million dollars of sales both orally and in writing.

## IV.

Finally, we consider IAG's argument that the district court erred by reducing the verdict. The district court did not abuse its discretion by reducing the verdict. The agreement between the parties provided for a commission rate of twenty-three percent. Maggorie's projection, the only evidence of damages that was offered by IAG, assumed that the commission rate would be twenty-percent. On cross-examination, Maggorie testified that the higher commission rate would have reduced his pre-tax net income estimate by $30,000 per year, or $60,000 for two years. The district court had the discretion to make a corresponding adjustment to the verdict.

The judgment of the district court is affirmed.