923 F.2d 96
 Christopher H. BUCKLEY and Lyman I. Owen, on behalf of
themselves and as representatives of the class of
persons similarly situated, Appellants,
v.
CONTROL DATA CORPORATION, Control Data Research, Inc., and
Control Data Research Limited Partnership, Appellees.
 No. 89-5452.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1990.
Decided Jan. 8, 1991.
 
 Vance K. Opperman, Minneapolis, Minn., for appellants.
 Richard G. Wilson, Minneapolis, Minn., for appellees.
 Before LAY, Chief Judge, TIMBERS,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Christopher H. Buckley and Lyman I. Owen appeal from a judgment of the district court[1] dismissing their claims against Control Data Corporation, Control Data Research, Inc. and Control Data Research Limited Partnership.[2] Appellants filed this diversity action in multiple counts seeking to recover damages for losses sustained from their investment in Control Data Limited Partnership, a limited partnership formed to develop computer equipment.[3] We conclude that there is no diversity of citizenship, and we dismiss for lack of jurisdiction.
 
 
 2
 The district court adopted in full Magistrate Symchych's conclusion that the claims asserted were derivative claims because they did not allege individualized harm separate and distinct from the harm to the limited partnership. Rule 23.1 of the Federal Rules of Civil Procedure requires that a plaintiff suing derivatively must make a demand for action upon the directors or comparable authority within the entity being sued.[4] The district court dismissed the plaintiffs' complaint because it did not comply with the demand requirements of Rule 23.1. On appeal, Buckley and Owen ask us to hold as a matter of law that their claims are direct, not derivative and to reverse the district court's decision dismissing the complaint.
 
 
 3
 We cannot address the issues on appeal until we first resolve a jurisdictional issue the parties raised during the pendency of this appeal.[5] The specific jurisdictional question is whether complete diversity of citizenship exists in a suit by members of a limited partnership against that partnership as an entity.[6]
 
 
 4
 We conclude that the parties do not possess the requisite diversity of citizenship thus depriving this court of federal subject matter jurisdiction. Our decision is governed by Carden v. Arkoma Assocs., --- U.S. ----, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), in which the Supreme Court clarified the method for determining the citizenship of a limited partnership. The Court held that, for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. Id. --- U.S. ----, 110 S.Ct. at 1021, 108 L.Ed.2d at 168 ("diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members' " (quoting Chapman v. Barney, 129 U.S. 677, 682, 9 S.Ct. 426, 428, 32 L.Ed. 800 (1889))). Since Buckley and Owen are each limited partners in Control Data Research Limited Partnership, and the limited partnership is also a named defendant, there is not diversity of citizenship in the claim against that entity.
 
 
 5
 Several weeks before oral argument, appellants tried to cure this jurisdictional defect by moving, under Fed.R.Civ.P. 21, to dismiss Control Data Limited Partnership from the case as a dispensable party.[7] The Supreme Court recently held that "a court of appeals may grant a motion to dismiss a dispensable party whose presence spoils statutory diversity jurisdiction." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 827, 109 S.Ct. 2218, 2220, 104 L.Ed.2d 893, 899 (1990). We deny appellants' motion to dismiss Control Data Research Limited Partnership, however, because we are convinced that all of appellants' claims below are in fact derivative claims, making the limited partnership an indispensable party.
 
 
 6
 It is well established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action. 3B Moore's Federal Practice p 23.1.21 at 23.1-100 (1987) (the corporation, in a derivative suit, "must be made a defendant, since it is indispensable"); see Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 522-23, 67 S.Ct. 828, 830-31, 91 L.Ed. 1067 (1947) (defendant corporation in a derivative suit is the real party in interest). At oral argument, counsel for Buckley and Owen conceded that if the claims are derivative, Control Data Research Limited Partnership is an indispensable party, and this case should be dismissed for lack of diversity.[8] Appellants argue, however, that their claims are not derivative but direct claims, and that this court should consider their appeal in the context of a direct suit by Buckley and Owen, as individuals or as representatives of a class, against Control Data Corporation and Control Data Research, Inc.
 
 
 7
 Whether the claims asserted by Buckley and Owen are direct or derivative, bears not only on the merits of their claims, but also on whether we may dismiss the partnership so as to cure the jurisdictional defect. We must consider the question as one determinative of our jurisdiction before moving to the merits, and since it is a question of law, we examine it de novo.
 
 
 8
 Whether the claims asserted by Buckley and Owen are derivative is a question of Minnesota state law, and we have frequently stated that we give great weight to the decisions of district judges on questions of state law. See e.g., International Art Galleries, Inc., v. Kinder-Harris, Inc., 907 F.2d 864, 866 (8th Cir.1990); Thompkins v. Stuttgart School Dist. No. 22, 858 F.2d 1317, 1320 (8th Cir.1988); G.A. Imports, Inc. v. Subaru Mid-America, Inc., 799 F.2d 1200, 1205 (8th Cir.1986).
 
 
 9
 Magistrate Symchych, in her order dated June 2, 1989, stated:
 
 
 10
 [W]hen determining if an action must be brought derivatively or if it may be maintained as an individual action, the court must analyze the injury alleged in the complaint. An injury directly suffered by the [partnership] and only indirectly by the [partners] by way of the diminution in value of [share value] is one that must be brought derivatively. Only when the injury alleged by the individual is separate and distinct from any injury to the [partnership] may an individual action be maintained. Only when this requirement of "special injury" is met may an individual action go forward.
 
 
 11
 Buckley v. Control Data Corp., No. 3-88-698, slip op. at 9 (citations omitted). After analyzing the allegations of each count of the complaint, the magistrate concluded that: "plaintiffs' claims here do not allege any individualized harm that is separate and distinct from the harm done to the limited partnership," id. at 13-14, and therefore, plaintiffs' claims are all derivative, id. at 13-20.
 
 
 12
 The district court gave detailed consideration to the parties' objections to this report, conducted a de novo review, and adopted the magistrate's report and recommendation in its entirety. The issue has been abundantly briefed by the parties. We are not persuaded that the district court erred in adopting the magistrate's report and recommendation that the claims asserted were derivative, and not direct claims. This compels us to conclude that the partnership is an indispensable party in this litigation and therefore, cannot be dismissed for the sole purpose of curing a jurisdictional defect.
 
 
 13
 For the foregoing reasons, we vacate the district court's judgment and dismiss this appeal for lack of federal jurisdiction.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 Control Data Research, Inc., is a wholly owned subsidiary of Control Data Corporation, and is also the only general partner of Control Data Research Limited Partnership
 
 
 [3]
 Plaintiffs filed their original complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure as representatives of a class consisting of themselves and all other persons who during 1982 purchased limited partnership interests in the Partnership and who sustained damages. The district court dismissed the claims before reaching the question of class certification
 
 
 [4]
 Rule 23.1 states: "The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and ... the reasons for the plaintiff's failure to obtain the action or for not making the effort."
 
 
 [5]
 Although the issue of jurisdiction was not raised below, it is well settled that questions of jurisdiction can be raised by either party at any time before entry of a final judgment, and can, and must, be raised by the court. Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir.1990); see Carden v. Arkoma Assocs., --- U.S. ----, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157, 167-68 (citing Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 691, 44 L.Ed. 842 (1900) (Supreme Court has an affirmative duty to, on its own motion, refuse to consider cases in which the basis for jurisdiction does not affirmatively appear on the record))
 
 
 [6]
 Plaintiffs below invoked federal diversity jurisdiction under 28 U.S.C. Sec. 1332(a)(1), which requires complete diversity of citizenship between plaintiffs and defendants
 
 
 [7]
 Fed.R.Civ.P. 21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."
 
 
 [8]
 Counsel for appellants stated that: "[after Carden, if] these are direct claims, they can be asserted. As indirect claims, neither this court nor the court below would have jurisdiction. I think that is where this comes out."
 Counsel also informed us that these same claims are now pending in Minnesota state court.