**CHEMTECH INDUSTRIES, INC., et al., Plaintiffs,**

v.

**GOLDMAN FINANCIAL GROUP, INC., et al., Defendants.**

No. 4:92CV00035 GFG.

United States District Court, E.D. Missouri, Eastern Division.

July 18, 1994.

Fred A. Ricks, Jr., Associate, Robert W. Stewart, McMahon and Berger, Albert E. Schoenbeck, Daniel M. Zureich, Schoenbeck and Schoenbeck, St. Louis, MO, for plaintiff Chemtech Industries, Inc.

Charles A. Newman, Dana E. Underwood, Associate, Thompson and Mitchell, St. Louis, MO, for defendants Goldman Financial Group, Inc., Goldman Group, Inc. Retirement Plan, David L. Goldman, Kathleen A. Keating.

Charles A. Newman, Thompson and Mitchell, Ronald E. Jenkins, St. Louis, MO, for defendant Boston Safe Deposit Trust Co.

### MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motions of defendants Kathleen A. Keating, David L. Goldman and Boston Safe Deposit Trust Company (Boston Safe) to dismiss plaintiffs' claims against them for lack of personal jurisdiction; Boston Safe's motion to dismiss for improper venue or in the alternative to transfer this action to the District of Massachusetts; defendant Goldman Financial Group, Inc.'s (GFGI) motion to dismiss Count III and to strike the prayer for attorneys' fees; the motion of defendant Goldman Group, Incorporated Retirement Plan (Goldman Plan) to dismiss plaintiffs' claims against it for failure to state a claim upon which relief can be granted. Also before the Court are the motions of plaintiffs to dismiss the counterclaims of GFGI and the motion of GFGI for summary judgment on all counts of plaintiffs' complaint.

In this action plaintiffs Chemtech Industries, Inc. (Chemtech), Chemtech Industries L.P. (CILP), Chemtech Industries Retirement Income Plan (Chemtech Plan) and Stephen E. Platt and Christopher P. Johnson allege various violations of the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* and the Internal Revenue Code.

In Count I of the complaint plaintiffs Platt and Johnson challenge the propriety of the December, 1990 merger of the former Chemtech Industries, Inc. Retirement Plan (Chemtech Plan) into the Goldman Group Retirement Plan for Chemicals (Goldman Plan).

In Count II Platt and Johnson assert that defendants GFGI, Goldman and Keating authorized defendant Boston Safe to make an unsecured loan from the Goldman Master Trust to the Hall Chemical Company Employee Stock Participation Plan (the Hall ESPP) and that the Hall ESPP used the loan proceeds to purchase Hall Holding stock from GFGI and/or Goldman at a greatly inflated price.

In Count III Chemtech asserts that a series of three transfers by defendants of pension plan assets from the Goldman Group Plan for the purpose of funding retiree health benefits violates the Internal Revenue Code § 420 and ERISA. Plaintiffs assert that the transfers were unlawful and discriminatory because Chemtech retirees do not receive health benefits from the Goldman Plan. GFGI asserts that under sections 401(h) and 420 of the Internal Revenue Code this was a lawful transfer of the pension plan's excess assets to GFGI. Plaintiffs assert that GFGI constructed a series of sham transactions to conceal its conversion of almost $3 million dollars from the Goldman Plan. With respect to a third Section 420 transfer of assets, plaintiffs further assert that there were no excess pension assets available for transfer.

Defendants Kathleen Keating, David Goldman and Boston Safe move to dismiss plaintiffs' claims for lack of personal jurisdiction asserting that they lack the relevant minimum contacts with jurisdiction by this Court. Defendants have filed affidavits in support of these assertions. Plaintiffs do not refute the absence of minimum contacts with the State of Missouri. They assert, however, that this Court may properly exercise personal jurisdiction over Keating, Goldman and Boston Safe with respect to the ERISA claims in Counts I and II because ERISA provides for nationwide service of process.

■ ERISA's provision for nationwide service of process renders the state long arm statute inapplicable to the question of personal jurisdiction over these claims. *See, e.g., McFarland v. Yegen,* 699 F.Supp. 10, 13–14 (D.N.H.1988). Nevertheless, the right to due process afforded by the constitution remains. *South Dakota v. Kansas City S. Indus., Inc.,* 880 F.2d 40, 44 n. 10 (8th Cir. 1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). To the extent that the Eighth Circuit has addressed the issue of personal jurisdiction in the context of an action under a federal statute providing for nationwide service of process, it has applied the traditional minimum contacts analysis to determine the nature and extent of the defendant's contacts with the forum state. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1389 n. 2 (8th Cir.1991); *South Dakota v. Kansas City S. Indus., Inc.,* 880 F.2d 40, 44 n. 10 (8th Cir.

1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990).

■ Other circuits have held that the appropriate scope of the due process analysis when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process is whether the defendant has the requisite minimum contacts with the United States. *See, e.g., Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir.1994) (and cases cited therein). Nevertheless, in this Circuit the analysis turns upon the nature and extent of defendant's contacts with the forum state as outlined in *International Shoe Company v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See, e.g., South Dakota v. Kansas City S. Indus., Inc.,* 880 F.2d 40, 44 n. 10 (8th Cir. 1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990); *Land–o–Nod Co. v. Bassett Furniture Indus.,* 708 F.2d 1338, 1340 (8th Cir.1983).

■ Plaintiffs, who bear the burden of demonstrating the existence of relevant minimum contacts, have not sustained this burden. *Land–o–Nod Co. v. Bassett Furniture Indus.,* 708 F.2d 1338, 1340 (8th Cir.1983). The affidavits submitted by the defendants indicate that they lack relevant contacts with Missouri. Plaintiffs have not refuted the assertions contained in the affidavits or offered evidence of additional relevant contacts but rely upon their argument that the provision for nationwide service of process permit personal jurisdiction over these defendants. Accordingly, the Court concludes that traditional notions of fair play and substantial justice do not permit the exercise of personal jurisdiction over defendants Kathleen Keating, David Goldman and Boston Safe with respect to Counts I and II.

The Goldman Plan has moved to dismiss plaintiffs' claims against it on the grounds 1) that an employee benefit plan may not be sued for breach of fiduciary obligations under ERISA and 2) that plaintiffs' allegations fail to state a claim upon which relief can be granted. Plaintiffs allege that the Goldman Plan failed to file reports and furnish information to Plan participants and that the Plan authorized and directed Boston Safe to make an unsecured loan which constituted a violation of its fiduciary duty.

■ Pursuant to 29 U.S.C. § 1002(3), an employee benefit plan "may sue or be sued." An ERISA claim for breach of fiduciary duty may not, however, be maintained against an employee benefit plan. *Mertens v. Kaiser Steel Retirement Plan,* 744 F.Supp. 917, 924 (N.D.Cal.1990) ("Since … action is one for breach of fiduciary's duty to the plan, the plan, if a party at all, is properly a plaintiff"); *aff'd Mertens v. Black,* 948 F.2d 1105, 1106 (9th Cir.1992).

Plaintiffs have cited no authority for their contrary assertion that complete relief cannot be afforded in this action unless the Goldman Plan is made a defendant. Moreover, the authority cited by plaintiffs relating to claims for monetary damages is clearly inapposite in that plaintiffs' complaint and proposed amended complaint seek only declaratory and injunctive relief.

■ Defendant GFGI has moved to dismiss Count III of plaintiffs' complaint and Counts III through VI of plaintiffs' proposed amended complaint. Defendants assert that plaintiffs lack standing to assert these claims because there is no private right of action under 26 U.S.C. § 401(h)(3) and § 420(e)(1)(C). In addition, they assert that the provisions of the Internal Revenue Code upon which plaintiffs rely have not been imposed on employee benefit plans by the substantive terms of ERISA.

The Court agrees with both of these assertions and finds them supported by the holding in *Reklau v. Merchants National Corp.,* 808 F.2d 628, 631 (7th Cir.1986). Plaintiffs have not offered contrary authority. Accordingly, the Court concludes that defendants' motion to dismiss Count III of plaintiffs' complaint and Counts III through IV of plaintiffs' proposed amended complaint shall be and it is granted.

Plaintiffs Chemtech, CILP, the Chemtech Plan and Chem Resources, Inc. and additional counterclaim defendants William F. Schierholz, Stanley Anonsen, W.D. Bain, Jr. and John C. Schierholz move to dismiss the

counterclaims of defendant GFGI. In its counterclaims GFGI asks the Court to determine and enforce its rights under the April 5, 1991 Settlement Agreement and a limited partnership agreement between GFGI, Chemtech, CILP and others. GFGI seeks injunctive and declaratory relief as well as actual and punitive damages for alleged contractual and fiduciary breaches by the counterclaim defendants.

The additional counterclaim defendants assert that the counterclaims must be dismissed as to them because counterclaims may be brought only against any opposing party. Inasmuch as Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim ... in accordance with the provisions of Rules 19 and 20," the Court concludes that this contention is without merit.

Plaintiffs and the additional counterclaim defendants next contend that GFGI's counterclaims are not compulsory counterclaims within the meaning of Fed.R.Civ.P. 13(a). Federal Rule of Civil Procedure 13(a) defines a counterclaim as compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

■ The counterclaims asserted here would be deemed compulsory if there were a "logical relationship" between plaintiffs' ERISA claims and GFGI's claims premised upon the Settlement Agreement. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir.1990); *Cochrane v. Iowa Beef Processors*, 596 F.2d 254, 264 (8th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979).

■ GFGI makes much of the fact that the Settlement Agreement upon which its claims are based is referenced in the plaintiffs' complaint. The Court notes, however, that the Settlement Agreement is referenced in a single paragraph of plaintiffs' complaint solely for the purpose of clarifying the corporate relationships between certain parties to the lawsuit. GFGI further asserts that the lawsuit is in essence a dispute "over who controls the pension funds in which each party relies upon terms of the Settlement Agreement."

In fact, the terms of the Settlement Agreement do not bear upon plaintiffs' claims. This is a dispute in which plaintiffs challenge the propriety, *under federal law*, of the merger of the Chemtech Plans into the Goldman Plan and of certain loans and transfers of funds to and from the Plans. The sole connection between plaintiffs' claims and the counterclaim is the Settlement Agreement. This connection is too tenuous to justify compulsory adjudication of both claims in a single lawsuit. *See Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1136–37 (8th Cir.1981) (quoting *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1290–92 (7th Cir. 1980) (state law counterclaim related solely to federal statutory claim by execution of a loan document not compulsory)), *rev'd on other grounds*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981)). Moreover, plaintiffs' claims and the counterclaims raise divergent factual and legal issues and are governed by different bodies of law. *Id.* In addition, plaintiffs' claims raise no factual or legal issues with respect to the Settlement Agreement. Therefore, the Court concludes that GFGI's claims are not compulsory counterclaims within the meaning of Fed.R.Civ.P. 13(a).

■ The Court notes that if GFGI's counterclaims are construed as permissive rather than compulsory counterclaims the Court lacks the authority to entertain them. Permissive counterclaims must provide an independent basis for the exercise of federal subject matter jurisdiction. *Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1197 (8th Cir.1984). The counterclaims asserted here arise under state law. Thus, the Court may exercise subject matter jurisdiction over these claims only if there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

The Court concludes that the parties do not possess the requisite diversity of citizenship and that the Court is deprived of subject matter jurisdiction over the counterclaims because GFGI is a limited partner of CILP. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 194–96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d

157, 168 (1990) (for purposes of determining diversity jurisdiction citizenship of limited partnership is same as that of each of its limited partners). Because GFGI is a limited partner of CILP and CILP is also named as defendant to the counterclaims, the Court lacks subject matter jurisdiction over those claims. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir.1991).

GFGI has moved for summary judgment in its favor and against plaintiffs on all counts of plaintiffs' complaint. In light of the Court's dismissal of Count III, only that portion of the motion directed to Counts I and II will be addressed here.

■ In its motion for summary judgment on Count I GFGI asserts that a conclusion of the Court announced as part of the December 22, 1992 ruling on plaintiffs' motion for preliminary injunction precludes plaintiffs' challenge to the propriety of the merger.

The conclusion at issue provides that "[t]he Chemtech Plan ceased to exist as a separate entity at the time of its merger into the Goldman Plan." *Chemtech Indus., Inc. v. Goldman Financial Group, Inc.*, 809 F.Supp. 729, 732 (E.D.Mo.1992). The Court notes that plaintiffs are not asserting that the plans were not effectively merged but that the merger was improper. In view of the fact that the Court was addressing Count III rather than Counts I and II and the conclusion was made in the context of a ruling on a preliminary injunction, the Court finds that plaintiffs' position with respect to the alleged impropriety of the merger is not inconsistent with the Court's ruling of December 22, 1992.

■ Upon review of the record before it, the Court concludes that there are genuine issues of material fact precluding entry of summary judgment for GFGI on Count I of plaintiffs' complaint. The material factual issues identified by the Court include: 1) the nature of the action, if any, approved by the Chemtech Board of Directors on July 25, 1990; 2) whether the merger approved by the Chemtech Board of Directors was contingent upon the merger of the assets of the Hall Plan with the Chemtech Plan (it is undisputed that such merger has not occurred); 3) the effect of conduct occurring subsequent to the merger on the validity of the purported merger.

■ The Court also concludes that there are genuine issues of material fact precluding the entry of summary judgment for GFGI on Count II of plaintiffs' complaint. Among these issues are the following: 1) the source of the authorization for the Chemtech Plan's participation in the Goldman Master Trust; 2) defendants' compliance with ERISA's prudence requirements relating to the loan.

On the basis of the foregoing, the Court concludes that GFGI's motion for summary judgment with respect to Counts I and II should be denied.

## ORDER

IT IS HEREBY ORDERED that the motions of defendants Kathleen Keating, David Goldman and Boston Safe Deposit Trust Company to dismiss Counts I and II of plaintiffs' complaint against them for lack of personal jurisdiction shall be and they are granted.

IT IS FURTHER ORDERED that the motions of defendant Boston Safe Deposit Company to dismiss for improper venue or in the alternative to transfer shall be and they are denied as moot.

IT IS FURTHER ORDERED that the motion of Goldman Retirement Plan for Chemicals to dismiss plaintiffs' claims against it shall be and it is granted.

IT IS FURTHER ORDERED that defendant Goldman Financial Group, Inc.'s motion to dismiss Count III of plaintiffs' complaint shall be and it is granted. IT IS FURTHER ORDERED that defendants' motions to strike the prayer for attorney's fees in Count III shall be and it is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss Goldman Financial Group, Inc.'s counterclaims shall be and it is granted.

IT IS FURTHER ORDERED that Goldman Financial Group, Inc.'s motion for summary judgment shall be and it is denied. Accordingly, IT IS FURTHER ORDERED that Goldman Financial Group, Inc.'s motion for summary judgment with respect to Count

III shall be and it is denied as moot. IT IS FURTHER ORDERED that Goldman Financial Group, Inc.'s motion for summary judgment shall be and it is denied with respect to Counts I and II.

IT IS FURTHER ORDERED that plaintiffs' motion to strike portions of the supplemental affidavit of Kathleen A. Keating shall be and it is denied.