UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES HICKS; RAY EDMONDS; LUTHER
GORE; MCKINLEY JORDAN; SAM
STOKES; MALCOLM THOMAS; JOHN
JONES; JAMES STEELE; FELIX SIMMS,
on their behalf and on the behalf of
others similarly situated,
Plaintiffs-Appellants,

v.

No. 95-2385

DONALD P. WILSON, individually and
as Grand Exalted Ruler of Improved
Benevolent Protective Order of Elks
of the World; IMPROVED BENEVOLENT
PROTECTIVE ORDER OF ELKS OF THE
WORLD, INCORPORATED, a non-profit
corporation,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina at Elizabeth City.
Terrence W. Boyle, District Judge.
(CA-95-22-2-BO)

Argued: March 7, 1996

Decided: May 20, 1996

Before NIEMEYER and MOTZ, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Clarence C. Malone, Jr., Durham, North Carolina, for Appellants. Mark William Merritt, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellees. **ON BRIEF:** David C. Wright, III, J. Daniel Bishop, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

At the August 1994 Annual Session of the Grand Lodge of the Improved Benevolent Protective Order of Elks of the World, Inc. (the Elks), which took place in Chicago, Donald Wilson was reelected to the office of Grand Exalted Ruler. A group of Elks' members who were unsuccessful in placing the name of their candidate in nomination for Grand Exalted Ruler filed this class action, challenging under the Elks' constitution and bylaws Wilson's conduct of the Annual Session and his use of Elks' funds.

The plaintiffs filed this action in North Carolina, originally against Wilson and the Elks, alleging diversity jurisdiction. The representative parties plaintiff are citizens of North Carolina, Virginia, and Alabama. The defendant Wilson is a citizen of Pennsylvania, and the Elks is a nonprofit corporation created under the laws of New Jersey with its principal place of business in North Carolina.

When the defendants filed a motion to dismiss the complaint because of a lack of complete diversity (three plaintiffs and the corporate defendant are, for diversity purposes, citizens of North Carolina), the plaintiffs filed an amended complaint without leave of court, in

2

which they dropped the Elks as a defendant. The district court dismissed the original complaint because of a lack of subject matter jurisdiction and treated the amended complaint as a motion to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) on the ground that the defendants' motion to dismiss precluded the plaintiffs from amending their complaint as a matter of right. The court then denied the motion to amend on grounds of futility, concluding that the Elks was an indispensable party to the relief demanded in the proposed complaint.

In treating the plaintiffs' amended complaint as a motion to amend, the court erred. Rule 15(a) provides that "[a] party may amend the party's pleading once <u>as a matter of course</u> at any time before a <u>responsive pleading</u> is served." Fed. R. Civ. P. 15(a) (emphasis added). While the defendants did respond to the original complaint with a motion to dismiss under Rule 12(b)(1), that motion is not a pleading. <u>See</u> Fed. R. Civ. P. 7(a); <u>Smith v. Blackledge</u>, 451 F.2d 1201, 1203 n.2 (4th Cir. 1971). Accordingly, the plaintiffs were entitled as a matter of right to file their amended complaint, dropping the Elks as a party defendant. Nonetheless, the district court properly ruled that the Elks was an indispensable party, <u>see</u> Fed. R. Civ. P. 19, and therefore dismissal of the case was appropriate.

The core of plaintiffs' complaint is that Wilson violated the Elks' constitution and bylaws in orchestrating his own reelection and in denying plaintiffs their rights granted by the constitution and bylaws. The plaintiffs also allege that Wilson violated the Elks' constitution and bylaws by commingling an established burial fund with general Grand Lodge funds, thus using the combined funds for purposes not permitted under the constitution and bylaws. All of these claims are essentially the corporation's claims against its management and not the proper claims of any of the corporation's members. Indeed, some members of the Elks obviously approved Wilson's actions. If the plaintiffs as dissenting members believe that the corporation's constitution and bylaws were violated, they must demand that the corporation file a suit against Wilson and, should it fail to do so, file a derivative action, following presumably the law of New Jersey where the Elks is incorporated. <u>See Escoett v. Aldecress Country Club</u>, 109 A.2d 277 (N.J. 1954). But in any such derivative action, the corpora-

3

tion would be an indispensable party. See Buckley v. Control Data Corp., 923 F.2d 96, 98 (8th Cir. 1991).

In sum, plaintiffs' claims arise out of an intra-corporate dispute among members of a nonprofit corporation, and it is clear that the corporation representing all its members must be a party; in its absence, complete relief cannot be accorded. Since the corporation has taken a position antagonistic to the plaintiffs, it could only be joined as a party defendant, thus destroying diversity jurisdiction. Accordingly, the district court properly dismissed this case. The dismissal, however, is without prejudice to the plaintiffs' proceeding in an appropriate state court.

AFFIRMED.

4